[984 NYS2d 517]

In the Matter of J. Michael Shane, an Attorney, Respondent.
Grievance Committee of the Eighth Judicial District,
Petitioner.

Fourth Department, April 4, 2014

## APPEARANCES OF COUNSEL

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Terrence M. Connors*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on March 11, 1959. During the time period relevant to this proceeding, respondent maintained an office for the practice of law in either the City of Olean or the Town of Allegany. The Grievance Committee filed a petition alleging that, in 1986, respondent neglected a client matter and, for approximately 25 years thereafter, respondent deceived the client regarding the status of the matter. Respondent filed an answer denying material allegations of the petition, and this Court appointed a Referee to conduct a hearing. During the proceeding before the Referee, the parties entered into a stipulation eliminating the need for a hearing with respect to the charges of misconduct, and the Referee received evidence in mitigation of the charges. The Referee has filed a report incorporating the stipulation of the parties, which the Grievance Committee moves to confirm. Respondent filed a response to the motion setting forth matters in mitigation, and he subsequently appeared before this Court and was heard in mitigation.

Based on the stipulation, the Referee found that, in 1986, respondent agreed to represent a client on a contingent fee basis to recover damages from a municipality on the ground that the municipality had enacted certain zoning regulations that reduced the value of a business owned by the client. The Referee found that, in July 1986, respondent falsely informed the client that papers had been served on the municipality. The Referee further found that, from 1986 through 2012, respondent on numerous occasions falsely stated to the client that respondent was prosecuting the matter, and respondent bolstered those misrepresentations with several false documents, including a purported court order and notice of appeal. The Referee found that respondent additionally offered to the client various false

reasons for the substantial delay in concluding the purported matter. In July 2012, respondent informed the client in writing that respondent had never filed suit on behalf of the client and that respondent's prior representations regarding the matter were false.

We confirm the factual findings of the Referee and conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility and the following Rules of Professional Conduct:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We additionally conclude that, prior to April 1, 2009, respondent violated the following former Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him; and

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services.

In determining an appropriate sanction, we have considered in mitigation of the charges respondent's otherwise unblemished record after more than 50 years in the practice of law. We have additionally considered that respondent did not commit the misconduct for personal gain or profit, and that respondent self-reported the misconduct to the client and expressed remorse before the misconduct was discovered. We have further considered the numerous letters of support submitted to this Court by individuals attesting to respondent's generosity, good character and standing in the community. We also note that the record

contains no proof that the client suffered a financial loss as a result of respondent's misconduct. Rather, it appears that respondent sought to avoid advising the client that respondent believed that the proposed claims against the municipality lacked merit. Finally, we have considered respondent's full cooperation with the Grievance Committee's investigation and his expression to this Court of extreme remorse, which we find to be sincere. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

SMITH, J.P., FAHEY, CARNI, SCONIERS and VALENTINO, JJ., concur.

Order of censure entered.